IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2007

## STATE OF TENNESSEE v. MATTHEW JORDAN BUENTIEMPO

**Appeal from the Circuit Court for Blount County**
**Nos. C-13221 & C-13461      D. Kelly Thomas, Jr., Judge**

_____

**No. E2006-01791-CCA-R3-CD - Filed September 28, 2007**

_____

The Appellant, Matthew Jordan Buentiempo, appeals the order of the Blount County Circuit Court revoking his probation and reinstating his original sentences of confinement. On appeal, Buentiempo alleges that the trial court erred in revoking his probation. After a review of the record, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee; and Stacy Nordquist, Assistant Public Defender, Maryville, Tennessee, for the Appellant, Matthew Jordan Buentiempo.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Tammy Harrington, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On February 19, 2002, the Appellant pled guilty to two counts of possession of a Schedule I controlled substance with intent to deliver or sell. Pursuant to a plea agreement, the trial court imposed an effective sentence of eight years with the Tennessee Department of Correction, with a recommendation of placement in the Department's boot camp program. On September 9, 2003, after his completion of the boot camp program, the Department transferred the Appellant to supervised probation status.

On June 26, 2006, a probation violation warrant was issued for the Appellant alleging that he had violated the following rules:

2. I will obey the laws of the United States or any state in which I may be, as well as any municipal ordinances.

. . . .

5. I will work steadily at a lawful occupation. If I become unemployed, I will immediately report this to my Probation/Parole Officer and will begin to look for another job.

. . . .

8. I will not use intoxicants (beer, whiskey, wine, etc.) of any kind, to excess. I will not use or have in my possession illegal drugs or marijuana. I will submit to drug screens or drug tests as directed by my Probation/Parole Officer.

9. I will agree to pay all required fees to the supervision fund, criminal injuries fund, court costs, restitution and fines.

. . . .

11. I will perform (8) hours community service work per month while under supervision unless waived by the Probation/Parole Officer and manager.

The warrant alleged as follows:

Violation of Rule #2, in that the [Appellant] was arrested on 6/8/06 in Blount County and charged with Indecent Exposure and Public Intoxication. On 6/24/06 the [Appellant] was arrested in Blount County and charged with DUI.

Violation of Rule #5, in that the [Appellant] has failed to maintain steady employment or provide proof of such[.]

Violation of Rule #8, in that the [Appellant] admitted to smoking THC and drinking daily on 4/26/06.

Violation of Rule #9, in that the [Appellant] owes $225 on probation fees.

Violation of Rule #11, in that the [Appellant] has failed to perform 8 hours community service work as instructed.

A probation revocation hearing was held on August 21, 2006, at which the Appellant and his probation officer provided testimony. The trial court entered an order on August 24, 2006, revoking the Appellant's probation and ordering that the Appellant serve his sentences as originally entered. The Appellant filed a motion for bond pending appeal, which the trial court denied. The Appellant timely filed a notice of appeal.

**Analysis**

The Appellant argues that the trial court abused its discretion in revoking his probation. A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated the conditions of probation. T.C.A. § 40-35-310, -311 (2006). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). On appeal, the findings of the trial court have the weight of a jury verdict. *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The judgment of the trial court revoking probation will not be disturbed on appeal absent an abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for the reviewing court to find that the trial court abused its discretion, it must be established that the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. *Id.* (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *Delp*, 614 S.W.2d at 398). The trial court need not find a violation of the terms of probation beyond a reasonable doubt, and the evidence is sufficient to support a revocation if the evidence shows that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

At the hearing held on August 21, 2006, probation officer Beverly Kerr testified that she began supervising the Appellant upon his release from the Department's boot camp program on September 9, 2003. Kerr testified that, for the first eighteen months to two years of probation, the Appellant did very well by showing up for his appointments, maintaining employment, and attending school. Kerr testified, however, that within the year prior to the probation violation hearing, the Appellant had experienced personal problems which affected his performance. Kerr recalled that during the period, the Appellant lost his job and began abusing alcohol and smoking marijuana. Kerr further stated that the Appellant had been arrested on June 6, 2006, for the charges of indecent exposure and public intoxication, to which he subsequently pled guilty. Kerr testified that the Appellant was also arrested on June 24 for DUI. Kerr also described the Appellant's community service performance and payment of probation fees as beginning "to slack off" during this period, and she recalled that "he did poorly in all those areas within the last year."

The Appellant offered testimony at the hearing which largely corroborated Kerr's account of his probation history. He admitted that he had relapsed within the previous year and that he had been drinking "[a]nywhere from a six to a twelve-pack" of beer every night, "if not more." He explained that Kerr had suggested that he try to get into an alcohol abuse treatment center, and that he was placed on the waiting list for such a program, but he continued to drink in the interim. The

Appellant admitted that he pled guilty to indecent exposure and public intoxication charges incurred in June of 2006 and that he had also been arrested for DUI. The Appellant further admitted that he had not been performing community service or paying his probation fees as directed. He also testified that he had eventually gotten into an alcohol abuse treatment facility in July of 2006 and had successfully completed the program.

At the conclusion of the probation violation hearing, the trial court announced its findings and ruling as follows:

> Mr. Buentiempo was placed on probation after completing the Boot Camp Program with the Department of Correction. And while on probation did very well. And then - - and clearly has the ability to do well. Then he began abusing alcohol and drugs again and then all of the things that go with it, including two new convictions and another one pending, which barring something unusual will result in a conviction, if he's being truthful about the drinking and everything he's been doing. But maybe not. You know, they might have caught him at an off time.
>
> But he has two convictions and also as a result was slack on the working, paying costs, not doing community service as he was supposed to. All of the things that go along with a change in attitude when a person is actively abusing drugs and alcohol. And the underlying offenses involve selling and delivering Schedule I drugs, according to the reports I just read, LSD and Ecstasy to, among other people, high school students.
>
> So, Mr. Buentiempo, you're a very smart young man and you had your opportunity and did very well with it, and for some reason chose to quit doing well. And I can't take the risk on a probationer with a history of selling LSD and Ecstasy, risking the lapses in judgment that come with alcohol and drug use, and the convictions.
>
> So, your probation is revoked. You will serve the balance of this sentence in custody.

We conclude that the trial court did not abuse its discretion in revoking probation, therefore, the Appellant's argument on appeal is without merit. Discretion is abused in a probation revocation case if the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. *Harkins*, 811 S.W.2d at 82. In this case, the evidence in the record was clearly sufficient for the trial court to have found violations of the conditions of the Appellant's probation. Accordingly, we affirm the judgment of the trial court revoking the Appellant's probation and reinstating his original sentence of confinement.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE